9/8/2011: I accept the recommendation and adopt the Report as the Court's opinion. Plaintiff's objections are without merit. The motion is denied and this matter is remanded to the Commissioner for a prompt hearing.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
REYNARD BAMBERG,

                      Plaintiff,      :   10 Civ. 6348 (CM) (THK)

                                 :   (Pro Se)

        -against-          :

                                 :   **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security, :

                      Defendant.   **MEMO ENDORSED**
---------------------------------------x

**TO: HON. COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    Reynard Bamberg ("Plaintiff"), proceeding pro se, commenced this action on August 24, 2010, after waiting more than three years for a hearing before an Administrative Law Judge ("ALJ") to address the denial of Supplemental Security Income ("SSI") benefits for the period of 1995-2000, and the denial of a waiver of an overpayment received in 1994-1995. Construed liberally, he seeks in this action an order requiring Defendant, the Commissioner of Social Security ("Defendant"), to award him SSI benefits from November 1995 to August 2000, and to waive any overpayment of benefits that he received, or, in the alternative, to hold a hearing and make a determination with respect to his two applications.[1] Pursuant to Rule 12(b)(1) of

---

[1] Although Plaintiff's pleadings do not mention the waiver of overpayment, it is reasonable to construe Plaintiff's claim for relief as including a request for consideration of his waiver claim because Defendant has treated it as such, and because

COPIES MAILED TO COUNSEL OF RECORD ON 8/9/11

the Federal Rules of Civil Procedure, Defendant filed a motion to dismiss the Complaint, on January 28, 2011, which was renewed on March 23, 2011, after Plaintiff amended his Complaint. Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies.[2] The motion was referred to this Court for a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1(a) of the Local Civil Rules of the Southern District of New York.

For the reasons that follow, the Court respectfully recommends that Defendant's motion be denied and that the action be remanded to the Commissioner for a prompt hearing.

## BACKGROUND

Plaintiff has been declared disabled by the Social Security Administration ("SSA"), with an onset disability date of July 10, 1988, and he receives disability benefits, as well as Supplemental Security Income ("SSI") benefits. (See Decision of ALJ Thomas J. McGrimley, dated Jul. 19, 1991, attached as Ex. A to Plaintiff's Memorandum in Opposition to Defendant's Motion, dated Apr. 15, 2011 ("Pl.'s Mem."), at 1.)

---

Plaintiff attached to his Complaint a December 19, 2006 request for an ALJ hearing on both the denial and the waiver issue.
[2] In the Memorandum of Law in support of Defendant's motion, the issue of exhaustion is raised only in the context of the waiver of the overpayment. No mention is made in the Memorandum of Plaintiff's claim of entitlement to benefits for the period of 1995-2000.

2

The SSA determined that Plaintiff was overpaid $3,626.00 in Social Security benefits from July 1994 through March 1995, a period during which Plaintiff was incarcerated. Plaintiff appealed that determination and asked for a waiver of the overpayment. On October 27, 1997, a hearing was held before ALJ Sol A. Wieselthier, who held that Plaintiff "was overpaid $3,626.00 in Social Security Benefits; and . . . was not without fault in causing the overpayment; and therefore, recovery of the overpaid amount may not be waived." (See Decision of ALJ Sol A. Wieselthier, dated Apr. 16, 1998, attached as Ex. D to Pl.'s Mem., at 4.) The ALJ noted that, at the time of the hearing, the amount of the overpayment had already been reduced to $1,847.20, through withholding of benefits. (See id. at 3.)

Plaintiff appealed the ALJ's decision to the Appeals Council of the SSA. On October 6, 1999, the Appeals Council determined that "the [ALJ]'s consideration of the issues of 'fault' and waiver was premature because the [SSA] had not considered them initially and upon reconsideration after conducting a personal conference with [Plaintiff];" the Appeals Council dismissed Plaintiff's request for a hearing, filed on January 25, 1996, and pronounced the ALJ decision of April 16, 1998 to be of no effect. (See Order of Appeals Council, dated Oct. 6, 1999, attached as Ex. F to Pl.'s Mem., at 1.) In addition, the Appeals Council

> "forward[ed] the claim . . . to the Office of Disability and International Operations, Baltimore, Maryland to act on the claimant's request that recovery of any overpayment in disability insurance benefits from him be waived . . . [and on his] requests for reconsideration on the suspension of his disability insurance benefits under the prisoner suspension provision of section 202(x) of the Social Security Act as well as on the fact and amount of the resultant overpayment which have yet to be addressed."

(Id. at 1-2.) Such reconsideration never took place.

Plaintiff stopped receiving SSI benefits in 1995. SSI benefits payments resumed in August 2000. (See Print-out, dated Jan. 19, 2001, attached as Ex. F to Amended Complaint, dated Feb. 1, 2010 ("Am. Compl.").)

On December 4, 2006, Plaintiff sent a reconsideration form to the SSA, asking for a "determination about SSI benefits from 1995 thru [sic] 2000" and declaring that he "did not receive anything and want[ed] to know why." (Request for Reconsideration, dated Dec. 4, 2006, attached as Ex. 1 to Complaint, dated Aug. 24, 2010.) The reconsideration form did not mention the 1994-1995 overpayment. The SSA replied in a December 14, 2006 letter, entitled, "Overpayment Information." The letter denied Plaintiff waiver of the 1994-1995 overpayment. In the personalized part of the form where the SSA should have explained the reasons for denying the waiver, the SSA instead provided information about the denial of benefits from 1995 to 2000. Specifically, the SSA indicated that Plaintiff had

4

applied for SSI benefits "several times" between 1995 and 2000 and was denied such benefits on December 20, 1995, due to "excess income," and again on September 22, 1997, due to Plaintiff's failure to provide the SSA with "info re rent amount [sic]" and failure to "find representative payee." (Reconsideration, dated Dec. 14, 2006, attached as Ex. 1 to the Declaration of Donald V. Ortiz ("Ortiz Decl."), at 2.)

On December 19, 2006, Plaintiff submitted a timely request for a hearing before an ALJ for review of this reconsideration. (See Request for Hearing, dated Dec. 18, 2006, attached as Ex. 2 to Ortiz Decl.) The Commissioner acknowledges that Plaintiff's request was never processed, and no hearing was scheduled. (See Ortiz Decl. ¶ 3(b); Defendant's Memorandum in Support of his Motion to Dismiss, dated Mar. 22, 2011, at 1.)

Almost four years later, on August 2, 2010, Plaintiff sent a letter to the SSA Office of Disability Adjudication Review, requesting help in obtaining the ALJ hearing he requested. (See Plaintiff's Letter, dated Aug. 2, 2010, attached as Ex. A to Am. Compl.) On August 4, 2010, the SSA Office of Disability Adjudication Review referred Plaintiff to an SSA field office. (See SSA Letter, dated Aug. 4, 2010, attached as Ex. B to Am. Compl.) Plaintiff visited the field office on August 10, 2010 (see Plaintiff's Call Number Ticket, dated Aug. 10, 2010, attached as Ex. C to Am. Compl.), and was told that "a letter

was forthcoming explaining why Plaintiff could not get an ALJ hearing."[3] (Affidavit of Reynard Bamberg, dated Apr. 15, 2011, attached to Pl.'s Mem., ¶ 16.) There is no evidence that any such letter was sent or received. This action followed.

## DISCUSSION

I. **Legal Standard Governing Motions to Dismiss under Rule 12(b)(1)**

Defendant is seeking to have this action dismissed for lack of subject-matter jurisdiction. "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (quoting Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000)). In considering a Rule 12(b)(1) motion, federal courts must construe all ambiguities and inferences in a plaintiff's favor. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (quoting Makarova, 201 F.3d at 113). A court may refer to evidence outside of the pleadings, and the burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction exists. See Makarova, 201 F.3d at 113. However, a court retains

---

[3] A handwritten note, apparently made by an SSA field office agent on the occasion of this August 10 visit, indicates that the agent was "unable to see anything on the system." (Handwritten Note, dated Aug. 8, 2010, attached as Ex. C to Am. Compl.)

its obligation to accord pro se pleadings a close and sympathetic reading. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotation marks omitted).

## II. Subject-Matter Jurisdiction under the Social Security Act

### A. Exhaustion of Administrative Remedies Requirement

Under the principle of sovereign immunity, "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941) (citations omitted); see also Lehman v. Nakshian, 453 U.S. 156, 160-61, 101 S. Ct. 2698, 2701-02 (1981); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). The United States must unequivocally express its consent to be sued by specifically waiving sovereign immunity in a statutory text. See Lane v. Peña, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996); see also U.S. v. Nordic Village, Inc., 503 U.S. 30, 33-44, 112 S. Ct. 1011, 1014-15 (1992); U.S. v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980).

The United States has authorized limited judicial review of claims arising under Title XVI of the Social Security Act. Judicial review of a decision by the Commissioner of the SSA is governed by 42 U.S.C. § 405(g),[4] which provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision, or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This section provides the exclusive means of judicial review of social security benefit determinations: "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Section 405(g) requires claimants seeking judicial review to first exhaust all available administrative procedures. See Mathews v. Eldridge, 424 U.S. 319, 327, 96 S. Ct. 893, 899 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite. . . . On its face § 405(g) thus bars judicial review of any denial of

---

[4] Section 405(g) governs judicial review of disability benefits determinations under Title II of the Social Security Act, but section 1383(c)(3) of Title XVI provides that the decisions of the SSA concerning SSI benefits "shall be subject to judicial review as provided in section 405(g) of [the Social Security Act] to the same extent as the Commissioner's final determinations under section 405." 42 U.S.C. § 1383(c)(3).

a claim of disability benefits until a 'final decision' by the Secretary after a 'hearing.'"); accord Weinberger v. Salfi, 422 U.S. 749, 757, 95 S. Ct. 2457, 2463 (1975); Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983); Rivera v. Apfel, No. 01 Civ. 0752 (NRB), 2001 WL 699065, at *2 (S.D.N.Y. June 21, 2001).

The administrative procedures that must be exhausted are set forth in SSA regulations, 20 C.F.R. §§ 416.1400-416.1482, and consist of four steps. See Heckler v. Day, 467 U.S. 104, 106, 104 S. Ct. 2249, 2251 (1984) (setting forth the four-step procedure for claims arising under Title II of the Social Security Act). First, a claim is subject to an initial determination by the SSA. See 20 C.F.R. §§ 416.1402-416.1405. Second, a dissatisfied claimant is entitled to de novo reconsideration by the SSA if he files a request within sixty days after receipt of the adverse determination. See 20 C.F.R. § 416.1409. Third, he is entitled to an evidentiary hearing and a de novo review by an ALJ of the initial determination or of the reconsideration, subject to the same sixty day filing requirement. See 20 C.F.R. §§ 416.1430, 416.1433. Fourth, the claimant may request that the Appeals Council of the SSA review the ALJ opinion. See 20 C.F.R. §§ 416.1467-416.1468. Judicial review can only occur after the Appeals Council acts upon a request to review an ALJ decision, resulting in a final decision

of the Commissioner. See 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481; Mathews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) ("A determination is only final after the Appeals Council has denied review or decided the case after review. It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g).") (internal citations omitted).

Plaintiff has not obtained a final decision from the Commissioner on either the denial of SSI benefits from 1995 to 2000 or the denial of waiver of the 1994-1995 overpayment. In the absence of a final decision by the Commissioner, the Court does not typically have subject-matter jurisdiction over a plaintiff's claim under the Social Security Act. However, the Court may, under certain circumstances, find that a judicial waiver of the exhaustion requirement is appropriate.

### B. Waiver of Exhaustion Requirement

Under certain limited circumstances, federal courts can find jurisdiction over social security claims, even in the absence of a final decision of the Commissioner. Section 405(g) has been held to contain two elements, one waivable, the other not. "The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." Eldridge, 424 U.S. at 328, 96 S. Ct. at 899. Plaintiff has

10

presented both issues to the Commissioner of Social Security through his various requests for reconsideration and his letter dated August 2, 2010. The nonwaivable requirement is therefore satisfied.

The requirement of exhaustion of administrative remedies can be waived either by the Secretary or, in appropriate circumstances, by the courts. Judicial waiver is only appropriate "where a Plaintiff's legal claims are collateral to the demand for benefits, where exhaustion would be futile, or where the harm suffered pending exhaustion would be irreparable." City of New York v. Heckler, 742 F.2d 729, 736 (2d Cir. 1984); accord Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983) (citing Eldridge, 424 U.S. at 330-331, 96 S. Ct. at 900). In those cases, "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." Eldridge, 424 U.S. at 330, 96 S. Ct. at 900. For example, the Supreme Court has held that it could review a constitutional challenge to administrative procedures established by the SSA which allowed the termination of disability benefits without a pretermination hearing, although administrative remedies had not been exhausted, because this constitutional challenge was "entirely collateral to [Plaintiff]'s substantive claim for entitlement." Eldridge, 424 U.S. at 330, 96 S. Ct. at 900.

To the extent that Plaintiff is asking the Court to waive the overpayment he received while he was incarcerated, or to award him SSI benefits for the period 1995-2000, Plaintiff's claim is not collateral to the demand for benefits. Both claims are, in effect, substantive claims for entitlement to SSI benefits. Exhaustion would not be futile, since Plaintiff has administrative channels at his disposal to seek review of SSA's initial determinations and to recover benefits retroactively. Moreover, any harm that Plaintiff could suffer pending exhaustion is not irreparable, since he currently receives SSI benefits. Therefore, judicial waiver is not appropriate.

Plaintiff also alleges, however, that a violation of his due process rights and of the Social Security Act occurred when Defendant failed to process Plaintiff's request for a hearing before an ALJ. This part of Defendant's claim is collateral to a demand for benefits, and might warrant a judicial waiver of the exhaustion requirement. Nonetheless, the Court does not need to decide this issue since there is another basis for subject-matter jurisdiction in the Mandamus Act. See White v. Mathews, 559 F.2d 852, 856 n.4 (2d Cir. 1977) (exercising mandamus jurisdiction and finding it unnecessary to consider section 405(g) as an alternative jurisdictional ground in a similar case).

**III. Subject-Matter Jurisdiction under the Mandamus Act**

Federal jurisdiction may exist under the Mandamus Act, which states that a "district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Although the Supreme Court has declined to address the issue, see Heckler v. Day, 466 U.S. at 616, 104 S. Ct. at 2022, the Second Circuit has held that 42 U.S.C. § 405(h) does not foreclose the court's exercise of mandamus jurisdiction pursuant to 28 U.S.C. § 1361. See Heckler, 742 F.2d at 739; Dietsch v. Schweiker, 700 F.2d at 867-68.

"Mandamus jurisdiction requires that three basic conditions be met: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly denied and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available.'" White v. Mathews, 434 F. Supp. 1252, 1258 (D. Conn. 1976) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972)), aff'd, 559 F.2d 852 (2d Cir. 1977).

In White v. Mathews, a class action was brought on behalf of social security disability claimants whose appeals from adverse agency actions had been impeded by extensive delays in the scheduling and completion of hearings before ALJs. The district court found subject-matter jurisdiction under the

13

Mandamus Act and issued an injunction imposing mandatory deadlines on the Secretary, 434 F. Supp. at 1259, and the Second Circuit affirmed, 559 F.2d at 856. The district court found that plaintiffs had a clear right to a hearing, that "there [was] a duty upon the Secretary to perform within a reasonable time and not permit unreasonable delay of administrative action," and that, because plaintiffs could not receive a prompt hearing, "there [was] virtually no other adequate remedy available." White, 434 F. Supp. at 1259. Therefore, the three conditions for mandamus jurisdiction were met. On appeal, the Secretary of the Department of Health argued that such an interpretation of the Mandamus Act would allow for circumvention of the exhaustion requirement of section 405(g). Affirming the district court's findings on jurisdiction, the Second Circuit emphasized the fact that the action did not affect the merits of the underlying statutory issue of the plaintiffs' substantive entitlements to disability benefits, and that "the district court was asked merely to require the agency to conduct its proceedings with reasonable speed." White, 559 F.2d at 856. In a later case, the Second Circuit followed the jurisdictional holding of White v. Mathews in the context of unreasonable delays in the adjudication of claims for SSI benefits. See Barnett v. Califano, 580 F.2d 28, 31 (2d Cir. 1978).

Here, Plaintiff has a clear right to a hearing under 42 U.S.C. § 1383(c) and 20 C.F.R. § 416.1430(a)(1). Defendant has recognized this right in the reconsideration notice sent to Plaintiff on December 14, 2006,[5] yet no hearing has been held. Although Defendant has indicated that the case would "be expedited and sent to an [ALJ] for a hearing" upon completion of this action (Ortiz Decl. at 3), such a commitment falls short of actually holding or scheduling a hearing and does not render this action moot. See Williams ex rel. AK v. Astrue, 509-CV-0890 GTS/GJD, 2009 WL 3334352, at *4 (N.D.N.Y. Oct. 14, 2009) (action moot when Commissioner had scheduled plaintiff's hearing following filing of complaint).

Defendant has a duty to provide claimants with timely hearings and viable administrative remedies.[6] See, e.g., Butts v. Barnhart, 416 F.3d 101, 105 (2d Cir. 2005) (the delay was "*per se* unreasonable because it involved years of inaction"). Yet,

---

[5] "If you disagree with this decision, you have the right to request a hearing." (Reconsideration, dated Dec. 14, 2006, attached as Ex. 1 to Ortiz Decl., at 2.)

[6] Definitions of "reasonable time" have necessarily evolved over time. The delays in White v. Mathews and Barnett v. Califano ranged from six months to one year. See White, 559 F.2d at 861; White, 434 F. Supp. at 1254, 1262; Barnett, 580 F.2d at 30. What the courts then characterized as a "glacial pace," White, 559 F.2d at 854, would today be considered expeditious. See Social Security Online, http://ssa-custhelp.ssa.gov/app/answers/detail/a_id/1160/kw/administrative%20law%20judge%20appeal/related/1 (last visited Jul. 28, 2011) ("The average amount of time needed to process a hearing request during fiscal year 2010 was 426 days.").

15

Plaintiff has been waiting for a hearing before an ALJ for more than four years. Defendant has thus failed to perform its duty to provide Plaintiff with a "reasonable . . . opportunity for a hearing." 42 U.S.C. § 1383(c).

Finally, Plaintiff has tried to resolve his claims through the administrative process. He filed timely requests for reconsiderations and hearings. As Defendant concedes, Plaintiff's claims were not stalled through Plaintiff's fault, but because Defendant failed to process Plaintiff's request for a hearing. The exhaustion requirement of mandamus jurisdiction is designed to prevent plaintiffs from circumventing administrative schemes or from obtaining relief they forfeited by failing to comply with the administrative process. This is not the case here. Therefore, mandamus is appropriate. See Cintron v. Comm'r of Soc. Sec. Admin., 09 Civ. 09039(GDB)(KNF), 2011 WL 2791351, at *17-19 (S.D.N.Y. July 1, 2011) (finding that all remedies were exhausted and exercising mandamus jurisdiction where Plaintiff had attempted numerous times to obtain a hearing "only to have the defendant reject her attempts and make more errors and cause confusion concerning her case"); see also Dietsch v. Schweiker, 700 F.2d at 868 (exercising mandamus jurisdiction despite absence of final decision, where plaintiff claimed he filed a timely request for review with the Appeals Council); accord Jones v. Astrue, 526 F. Supp. 2d 455, 460

16

(S.D.N.Y. 2007); Walrath v. Comm'r of Soc. Sec., Civ. 5:06-CV-367(RFT), 2009 WL 236062, at *4 (N.D.N.Y. Jan. 30, 2009).

No adequate remedy is available to Plaintiff other than an order by this Court compelling Defendant to promptly consider and address the issues identified in the December 14, 2006 reconsideration. Specifically, the Commissioner should determine the fact and amount of the overpayment allegedly received by Plaintiff in 1994-1995, and rule on Plaintiff's request that the recovery of the overpayment be waived.[7] In addition, there should be a review of Plaintiff's application for reconsideration of the denial of benefits for the period 1995-2000.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendant's motion be denied and the matter be remanded to the Commissioner for an adjudication of Plaintiff's claims within sixty (60) days.

---

[7] The Court notes that the SSA must grant claimants a personal conference with an SSA officer before deciding whether they are "without fault" in causing an overpayment. See Califano v. Yamasaki, 442 U.S. 682, 693, 99 S. Ct. 2545, 2553 (1979); 20 C.F.R. §§ 404.506, 416.557. Although the Appeals Council remanded Plaintiff's claim to a field office for such determination in 1999, the personal conference never took place. In addition, it appears that the SSA started recouping the overpayment before deciding the issue of Plaintiff's fault, even though a waiver had been requested.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge McMahon. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 149-52, 106 S. Ct. 466, 472-73 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899 (1986); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 9, 2011
       New York, New York

Copies mailed to:
Reynard Bamberg
120 South 12 Avenue, Apt# 1B
Mount Vernon, New York 10550

Susan C. Branagan, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, New York 10007